USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/7/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :
IN RE: AMERICAN EXPRESS ANTI- :    06 Civ. 2974 (WHP)
STEERING RULES ANTITRUST      :
LITIGATION                    :    MEMORANDUM & ORDER
                              :
This Document Relates To: All Actions
                              :
------------------------------X

WILLIAM H. PAULEY III, District Judge:

        Defendants American Express Travel Related Services Company, Inc. and American Express Company (collectively, "Amex") move to stay all proceedings in this action pending a decision by the Court of Appeals in <u>American Express Co., et al. v. Italian Colors Restaurant</u>, 06-1871-cv ("<u>Italian Colors</u>") on remand from the Supreme Court. For the following reasons, Amex's motion is granted in part and denied in part.

## BACKGROUND

        From June 26, 2006 through February 13, 2009, this action was stayed while an appeal in <u>Italian Colors</u> was pending before the Court of Appeals. That stay was entered at the request of all the parties.

        On January 30, 2009, the Court of Appeals reversed and remanded the district court decision in <u>Italian Colors</u>. The Court of Appeals held that the class action waiver in the Card Acceptance Agreement (the "CAA") common to both <u>Italian Colors</u> and this action "cannot be enforced . . . because to do so would grant Amex de facto immunity from antitrust liability by removing the plaintiffs' only reasonably feasible means of recovery." <u>In re American Express</u>

1

Merchs.' Litig., 554 F.3d 300, 320 (2d Cir. 2009). Thereafter, the stay was lifted.

On February 19, 2010, this Court entered an order permitting coordination of discovery in this action with discovery in Rite-Aid Corp., et al. v. American Express Travel Related Servs. Co., Inc., et al. (the "Individual Merchant Action"), an action brought by individual merchant plaintiffs in the Eastern District of New York (the "Discovery Coordination Order"). (See Discovery Coordination Order, No. 06 Civ. 2974 (S.D.N.Y. Feb. 19, 2010), ECF No. 53.)

On May 3, 2010, the Supreme Court granted certiorari and vacated and remanded the Court of Appeals' Italian Colors decision "for further consideration in light of Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.," 130 S. Ct. 1758 (2010). Amex moves for a stay redux while the Court of Appeals again considers Italian Colors.

## DISCUSSION

"[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 683 (1997). Although courts grant stays in a wide variety of circumstances, they often do so when "a higher court is close to settling an important issue of law bearing on the action." Wing Shing Prods. (BVI) Ltd. v. Simatelex Manufactory Co., Ltd., No. 01 Civ. 10441 (RJH), 2005 WL 912184, at *2 (S.D.N.Y. Apr. 19, 2005) (citing Marshel v. AFW Fabric Corp., 552 F.2d 471 (2d Cir. 1977)). Courts in this Circuit consider five factors when determining whether to grant a stay: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants;

2

(3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Finn v. Barney, No. 08 Civ. 2975 (LTS), 2008 WL 5215699, at *2 (S.D.N.Y. Dec. 8, 2008) (citing Volmar Dist. v. N.Y. Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993)).

The first factor—the private interests of the Plaintiffs in proceeding expeditiously as balanced against the prejudice they might suffer from further delay—weighs in Plaintiffs' favor. A stay would prevent Plaintiffs from coordinating discovery with the plaintiffs in the Individual Merchant Action. The Discovery Coordination Order provides that Plaintiffs may participate in, and use, depositions conducted by the Individual Merchant Action plaintiffs. If this action is stayed, Plaintiffs will be unable to participate in depositions noticed by the Individual Merchant Action plaintiffs, some of which are scheduled to take place over the next several months.

Additionally, Plaintiffs contend that they will be prejudiced by a stay because they will encounter difficulties securing depositions from overseas witnesses. In particular, Plaintiffs argue that they may lose the opportunity to depose Damian Stephenson ("Stephenson"), an Australian employee of non-party Bain Australia. Plaintiffs recently subpoenaed Stephenson upon learning that he is in the United States completing a masters program. Yet, aside from Stephenson, Plaintiffs have not explained why they will be less able to secure depositions of foreign non-party witnesses after a stay is lifted than if discovery proceeds un-stayed. Plaintiffs may proceed with the Stephenson deposition in view of the fact that he is currently subject to judicial process in this country and has been served. Moreover, to the extent

that depositions of overseas Amex witnesses need to be repeated, Amex, not the Plaintiffs, bears the burden of making those witnesses available for a second deposition.

The second factor—the private interests of and burden on the defendants—weighs in Amex's favor on the issue of class discovery. The burden of class certification-related discovery is significantly greater than that imposed by the ongoing merits-based discovery in the Individual Merchant Action. Specifically, Plaintiffs have sought discovery on Amex's co-brand relationships and Membership Rewards information about individual Membership Rewards partners—discovery which is not relevant to the Individual Merchant Action. Additionally, Amex argues that it needs to take discovery of its own in preparation for briefing on class certification. Such discovery is both burdensome and will prove completely unnecessary if the Court of Appeals reverses its earlier decision in Italian Colors. Conversely, merits discovery in the Individual Merchant Action will continue irrespective of a stay in this action and Plaintiffs' participation in that discovery will not impose an inordinate burden on Amex.

The third, fourth and fifth factors—the interests of the courts, non-parties, and the public—weigh in favor of a stay. If this action is not stayed, Amex intends to move to compel arbitration. (See Transcript of Oral Argument at 35, In re American Express Anti-Steering Rules Antitrust Litig., June 28, 2010, No. 06 Civ. 2974.) Such a motion would require this Court to address precisely the issue pending before the Court of Appeals in Italian Colors—a point both parties stipulated to when they requested a stay in 2006. (See Stipulation and Order Granting Stay at 2, No. 06 Civ. 2974 (S.D.N.Y. June 26, 2006), ECF No. 8.) Though the Supreme Court's "GVR" order does not command reversal, it does indicate a "reasonable probability that the decision below rests upon a premise that the lower court would reject if given the opportunity for

further consideration" in light of recent developments. Lawrence on Behalf of Lawrence v. Chater, 516 U.S. 163, 167 (1996).

In deciding Italian Colors, the Court of Appeals observed that "the Supreme Court has yet to squarely face the question of whether or not there are conditions under which a class action ban would be incompatible with the FAA." Italian Colors, 554 F.3d at 313. That "close question" may be illumined by Stolt-Nielsen. Italian Colors, 554 F.3d at 313; see also Stolt-Nielsen, 130 S. Ct. at 1774-75 ("If it falls to courts and arbitrators to give effect to . . . contractual limitations [on arbitration] . . . courts and arbitrators must not lose sight of the purposes of the exercise: to give effect to the intent of the parties.").

Given the possibility that class certification-related discovery may be obviated if the Court of Appeals revisits its earlier decision, "[i]t would not be an efficient use of time and resources" for this Court, or the parties, to embark on class discovery or a motion to compel arbitration. See Wing Shing Prods., 2005 WL 912184, at *3; In re Literary Works in Elec. Databases Copyright Litig., No. M-21-90 (GBD), 2001 WL 204212, at *2 (S.D.N.Y. Mar. 1, 2001). Likewise, non-parties would benefit from a stay because they would not be subject to class certification-related discovery that might be an exercise in futility. However, to the extent that Plaintiffs wish to participate in merits-based discovery as it unfolds in the Individual Merchants Action, there is no reason why they should not forge ahead under the terms of the Discovery Coordination Order.

## CONCLUSION

Accordingly, the balance of factors weighs in favor of a stay of class certification-related discovery at this time. However, because merits-based discovery is proceeding in the Individual Merchant Action independent of this action, there is no reason to stay Plaintiffs' participation in that discovery. Amex's motion to stay is granted in part and denied in part. Notwithstanding the stay, Plaintiffs may conduct the deposition of Damian Stephenson on any issue, including class certification.

Dated: July 7, 2010
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Gary B. Friedman, Esq.
Friedman Law Group
270 Lafayette Street, 14th Floor
New York, NY 10012

Christopher Hellmich, Esq.
Patton Boggs LLP
2550 M Street, N.W.
Washington, DC 20037
*Counsel for Plaintiffs*

Donald L. Flexner, Esq.
Philip C. Korologos, Esq.
Boies, Schiller & Flexner, LLP
333 Main St.
New York, NY 10504
*Counsel for Defendants*